UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Česká zbrojovka Defence SE, | Case No. 22-cv-1256 (WMW/DJF) |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO STAY |
| Vista Outdoor, Inc., | |
| Defendant. | |

---

This matter is before the Court on Defendant Vista Outdoor, Inc.'s (Vista) motion to dismiss for failure to state a claim, or, in the alternative, to stay all proceedings pending a decision by the United States Court of Appeals for the Tenth Circuit in a related case. (Dkt. 13.) Plaintiff Česká zbrojovka Defence SE (Česká) opposes Vista's motion. For the reasons addressed below, the Court grants Vista's motion to stay.

### BACKGROUND

Česká is a firearms manufacturer based in the Czech Republic. Česká is the parent company of a Kansas subsidiary, CZ USA (Česká USA). Vista is a manufacturer of outdoor recreation products incorporated in Delaware and based in Minnesota.

In 2018, Česká began negotiations with Vista to acquire one of Vista's firearm brands. As part of these negotiations, Česká and Vista entered a Expense Reimbursement Agreement (Agreement). Among other terms, the Agreement provides that Vista would reimburse Česká for certain expenses that Česká incurred during its preacquisition due-diligence investigations if Vista chose not to sell its brand or breached the Agreement.

After executing the Agreement, Česká began its due-diligence investigation and, in December 2018, delivered a purchase-price agreement to Vista. The delivery of this purchase-price agreement triggered Vista's obligation under the Agreement either to accept Česká's offer or reimburse Česká for the due-diligence investigation. Vista did not accept Česká's offer.

On December 31, 2018, Česká requested reimbursement under the Agreement. Following its first request for reimbursement, Česká sent Vista additional requests on January 9, 2019, and February 12, 2019. Vista notified Česká on February 21, 2019, that Vista did not intend to pay Česká under the Agreement.

In late 2021, Česká USA sued Vista in the District of Kansas, alleging breach-of-contract and unjust-enrichment claims (Kansas Action)[1]. According to Česká, this complaint "inadvertently" listed Česká USA, not Česká, as the plaintiff. Approximately two weeks later, before serving or receiving any responsive filings from Vista, Česká USA filed an amended complaint in the Kansas Action and named Česká as the plaintiff.

Vista moved to dismiss the Kansas Action on four grounds. First, Vista argued that, because Česká USA had no interest in the Agreement and, therefore, lacked standing to sue, Česká USA's complaint and attempt to substitute Česká as the real-party-in-interest were null. Second, Vista argued that the District of Kansas lacked personal jurisdiction over Vista. Third, Vista argued that venue was improper in the District of Kansas. And

---

[1] *CZ USA LLC v. Vista Outdoor, Inc.*, No. 2:21-cv-2482 (D. Kan. 2022), *appeal docketed*, No. 22-3095 (10th Cir. May 20, 2022).

2

fourth, Vista argued that Česká USA failed to state a claim upon which relief could be granted. On April 25, 2022, the District of Kansas dismissed Česká USA's complaint without prejudice on the basis that Česká USA lacked standing, and, therefore, could not amend the complaint or substitute Česká as the plaintiff.

Shortly thereafter, Česká filed this matter in the District of Minnesota on May 6, 2022. Česká USA timely filed a notice of appeal in the Kansas Action on May 20, 2022, and the Tenth Circuit has taken the Kansas Action under advisement. Vista now argues that this Court should dismiss Česká's complaint, or, alternatively, stay this matter until the Tenth Circuit issues a decision in the Kansas Action. Vista argues that dismissal of Česká's complaint is warranted either on statute-of-limitations grounds or on the merits. Česká responds that equitable tolling negates any statute-of-limitations issue and that its complaint plausibly states a claim for relief.

## ANALYSIS

**A. Vista's Motion to Stay Pending Appeal of the Kansas Action**

" 'The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' " *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A district court has broad discretion to stay proceedings when doing so is appropriate to control its docket. *See Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). Factors relevant to the determination of whether a stay is warranted include, but are not limited to, conserving judicial resources, providing for the just determinations of cases before the

3

court and balancing the hardships that a stay might cause for the parties. *See Tovar v. Essentia Health*, 342 F. Supp. 3d 947, 956–57 (D. Minn. 2018).

Although a district court's discretion to stay proceedings is broad, "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holden*, 556 U.S. 418, 433–34 (2009). Traditionally, this burden requires the movant to demonstrate the specific hardship or inequity that would result if required to proceed and includes a presumption favoring the party opposing a stay. *See Jones v. Clinton*, 72 F.3d 1354, 1364–65 (8th Cir. 1996) (Beam, J., concurring) (citing *Landis*, 299 U.S. at 254–56). Because a stay has the potential to damage the opposing party, a district court should exercise its power to stay proceedings in moderation. *See Landis*, 299 U.S. at 255.

Here, the decision whether to stay this matter necessarily is informed by the facts of the Kansas Action. With the facts of the Kansas Action in mind, therefore, the Court turns to the factors that govern the grant of a stay. *See Tovar*, 342 F. Supp. 3d at 956–57.

1. **Conservation of Judicial Resources**

Beginning with the conservation-of-judicial-resources factor, the Court must determine whether the issuance or denial of a stay in this matter would better conserve judicial resources. A district court may stay or altogether decline to hear a case that "raises issues that substantially duplicate those raised by a case pending in another [federal] court." *Ritchie Cap. Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 763 n.3 (8th Cir. 2011). A stay is appropriately deployed to conserve judicial resources if the parties would otherwise "spend

time and effort on claims that later become moot." *Scheffler v. Equifax Info. Servs., LLC*, No. 15-cv-3340 (JRT/FLN), 2016 WL 424969, at *4 (D. Minn. Feb. 3, 2016).

Vista argues that the issuance of a stay would conserve judicial resources by eliminating the need for this Court to decide the statute-of-limitations issue in the event the Tenth Circuit's decision moots that issue. Česká disagrees and argues that even if the statute-of-limitations issue becomes moot, this Court may make any necessary timeliness determinations on equitable-tolling grounds. But this argument assumes that this Court accepts or will accept Česká's position regarding equitable tolling. This Court has not decided or attempted to decide whether the applicable statute of limitations precludes Česká's claims or whether equitable tolling applies in the event of preclusion. The Court has not and cannot yet do so because the facts relevant to Česká's equitable-tolling argument are and will remain in flux until the Tenth Circuit issues a ruling in the Kansas Action. The issuance of a stay, therefore, would conserve judicial and litigant resources by shielding this Court from the statute-of-limitations and equitable-tolling issues in this matter until the status of the Kansas Action requires this Court to address them. *See id.* at *4.

Moreover, the Tenth Circuit is already engaged with many of the legal questions before this Court by virtue of the pending appeal of the Kansas Action. If this Court addresses the merits of Vista's motion, any decision this Court renders will necessarily duplicate the Tenth Circuit's efforts through the contemporaneous expenditure of judicial resources. *See Ritchie*, 653 F.3d at 763 n.3. If a conflict arises between the decisions of this Court and the Tenth Circuit and the parties contest that conflict through additional

litigation, this Court may have to expend even more resources to respond. *See id.* The denial of a stay would result in "duplicative efforts and wasted resources" between this Court and the Tenth Circuit. *Tovar*, 342 F. Supp. 3d at 956–57.

The resolution of the Tenth Circuit appeal will affect the resolution of this matter. A stay, therefore, facilitates the most efficient and resource-conscious means for this Court to consider and incorporate the Tenth Circuit's decision into this Court's own decision, which in light of the overlapping parties and issues likely will be required. *See Tovar*, 342 F. Supp. 3d at 957 (denying request for stay because resolution of a pending appellate case would not affect resolution of district-court matter); *S. Glazer's Wine & Spirits, LLC v. Harrington*, No. 21-cv-1254 (JRT/JFD), 2021 WL 7286938, at *4 (D. Minn. Sep. 29, 2021) (denying stay because risk of duplicative efforts was speculative). The conservation-of-resources factor, therefore, favors the issuance of a stay.

### 2. Just Determination of This Matter

The Court also must determine whether the issuance or denial of a stay would better promote a just resolution of this matter. Although federal courts have an obligation to exercise jurisdiction when proper, a stay facilitates the ability of federal courts with concurrent jurisdiction to effectuate attendant principles of wise judicial administration. *See Selph v. Nelson, Reabe & Snyder, Inc.*, 966 F.2d 411, 413 (8th Cir. 1992) (internal quotation marks omitted) (reversing denial of stay when parties were engaged in concurrent litigation in another federal court).

Česká argues that the issuance of a stay will prejudice Česká because "the interests of justice favor [Česká] having its case heard on the merits without unnecessary delay."

6

While delays sometimes promote injustice, Česká's past conduct, as well as the relief Česka seeks in this case, undercut this argument. Indeed, Česká waited almost three years before attempting to file suit against Vista. And now, Česká seeks monetary damages, not time-sensitive injunctive relief. Vista maintains that the relatively-brief delay that a stay would impose will permit this Court to address the merits of Česká's claims with the benefit of the Tenth Circuit's forthcoming decision.

The disposition of Vista's motion to dismiss depends in large part on matters that will be addressed by the Tenth Circuit's pending decision. A stay will allow the Court to avoid the risk of expending duplicative judicial resources—a risk that exists because of the concurrent federal jurisdiction Česká has invoked in this Court and attempted to invoke in the Tenth Circuit. *See id.*; *cf. ASI, Inc. v. Aquawood, LLC*, No. 19-cv-0763 (JRT/HB), 2020 WL 13519442, at *6 (D. Minn. Jan. 6, 2020) (denying stay despite pending federal appeal because appellate court's "narrow focus" meant that any appellate decision would "not determine the question" before the district court). In this matter, a stay may simplify disputed issues, clarify the law and assist the Court in its decision on the merits. *Garcia v. Target Corp.*, 276 F. Supp. 3d 921, 924 (D. Minn. 2016). The just-determination factor, therefore, favors the issuance of a stay.

### 3. Balance of Hardships

Turning to the next factor, the Court considers the balance of hardships that the grant or denial of a stay might cause. A stay implicates "fundamental constitutional rights governing access to and use of the judicial process." *Jones*, 72 F.2d at 1363 (Beam, J., concurring). A party denied a stay and compelled to engage in costly discovery and motion

7

practice suffers harm, as does a plaintiff whose day in court is delayed because of a stay. *See Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047–48 (D. Minn. 2021).

Vista argues that Česká "would not be harmed in any way if the Court stays this action until the Tenth Circuit appeal is resolved." Česká counters that a stay would impose "unnecessary delay and costly procedural roadblocks" to a merits-based resolution now that the parties are in the proper forum. While Česká correctly asserts that the issuance of a stay would delay the proceeding, Česká's conduct to date precludes Česká from establishing that any such delay would be unnecessary. Despite its knowledge of Vista's alleged breach of the Agreement as early as February 2019, Česká did not file suit until almost three years later. And when Česká (through its subsidiary, Česká USA) filed suit in late 2021, Česká USA did so in an admittedly improper forum. Although some delay will occur if this Court waits for the Tenth Circuit's decision, such delay is necessary to a fair adjudication of the matter in light of the procedural effects of the Kansas Action. *See id*. And this Court has no reason to believe that that the Tenth Circuit will not resolve the appeal in a timely manner. Moreover, nothing in the record that suggests Česká will lose the ability to prosecute its claims if required to wait. These considerations lessen any risk of harm to Česká. *Id.*; *cf. Jones*, 72 F.3d at 1363 (Beam, J., concurring) (reversing decision to grant stay in the face of "real dangers [to plaintiff] of loss of evidence").

Any delay to Česká "does not outweigh the hardship to [Vista] of defending claims that may disappear in a matter of months." *Scheffler*, 2016 WL 424969, at *4 (affirming issuance of stay when movant-defendant showed that a pending appellate decision might

8

moot plaintiff's claims for money damages).  Vista risks more hardship without a stay than Česká risks with one. The balance-of-hardships factor, therefore, weighs in favor of a stay.

 4. **Considerations of Comity**

While a district court's decision to grant or deny a stay does not explicitly implicate prudential issues, *see Tovar*, 342 F. Supp. 3d at 956–57, consideration of such issues, like comity, often attends such decisions, *see, e.g.*, *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) (dismissing appeal of second-filed case due to concerns for comity so parties' parallel, further-developed case could proceed in another federal court).  Moreover, the legal principles that undergird the standard for a stay overlap with the principles that animate considerations of comity, as doctrines such as the first-to-file rule demonstrate.  *See, e.g.*, *Nw Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1004–05 (8th Cir. 1993); *Nat'l Football League Players Ass'n v. Nat'l Football League*, No. 15-CV-3168 (RHK/HB), 2015 WL 7596934, at *1 (D. Minn. Jul. 30, 2015) (discussing first-to-file rule, which "recognizes the comity between coequal federal courts and promotes the efficient use of judicial resources by authorizing" the issuance of a stay "in deference to an earlier case").

Here, the relationship between the Kansas Action and the matter before this Court creates a situation that will benefit from one of the two courts involved deferring to the other.  Citing *Colorado River Water Conservation District. v. United States*, 424 U.S. 800 (1976), Vista argues that "[w]hen related cases are pending in two federal courts, there is an inherent power in each of those courts to stay the proceedings in deference to the related action." Notably, Vista does not argue that this Court should abstain from this matter

9

altogether, only that it should stay any consideration of Vista's motion. Česká does not address any considerations of comity in response.

A stay permits this Court to defer to the Tenth Circuit's ongoing work in the Kansas Action in light of the advanced procedural posture and potentially preclusive effects of the Kansas Action. Accordingly, principles of comity weigh in favor of staying this matter.

### 5. Balancing of Stay Factors

Based on the foregoing analysis, the balance of factors that govern this Court's exercise of its discretion to issue a stay and considerations of comity, Vista has carried its burden to demonstrate the propriety of a stay at this procedural juncture. *See Tovar*, 342 F. Supp. 3d at 956–57. For these reasons, the Court grants Vista's motion to stay. In light of the stay, the Court denies Vista's motion to dismiss without prejudice.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Vista Outdoor, Inc.'s, motion to stay, (Dkt. 13), is **GRANTED**. This matter is **STAYED** pending the issuance of an opinion and mandate in *CZ USA LLC v. Vista Outdoor, Inc.*, No. 2:21-cv-2482 (D. Kan. 2022), *appeal docketed*, No. 22-3095 (10th Cir. May 20, 2022).

2. Defendant Vista Outdoor, Inc.'s, motion to dismiss, (Dkt. 13), is **DENIED WITHOUT PREJUDICE**.

Dated: January 12, 2023  s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge