UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ceska zbrojovka Defence SE,                    Case No. 22-cv-1256 (KMM/DLM)

                          Plaintiff,

                                               **ORDER**

v.

Vista Outdoor, Inc.,

                          Defendant.

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint. [Dkt. 33]. Defendant Vista Outdoor Inc. ("Vista") argues that Plaintiff Ceska zbrojovka Defence SE ("Ceska CZ") fails to state a claim upon which relief can be granted. For the reasons addressed below, the motion is granted.

## BACKGROUND

Ceska CZ is a foreign company with its principal place of business in the Czech Republic and various subsidiaries throughout North America, including in Kansas. Dkt. 1 ¶ 3. Ceska CZ imports, manufactures, and distributes pistols, rifles, shotguns, and suppressors. *Id.* Vista is a Delaware Corporation with its principal place of business in Minnesota. *Id.* ¶ 5. Vista designs, manufactures, and markets outdoor recreation and shooting sports products globally. *Id.* ¶ 4.

Ceska CZ and Vista commenced a business relationship for the purpose of Ceska CZ's potential acquisition of one of Vista's firearms brands. In connection with the potential acquisition, the parties entered into an Expense Reimbursement Agreement (the

"Agreement") in November 2018. *Id.* ¶ 11.  In the case of a breach, the Agreement provides that Ceska CZ may be reimbursed for "reasonable and documented out-of-pocket costs and expenses incurred by [Ceska CZ] or its affiliates in connection with [Ceska CZ]'s evaluation and negotiation of the potential transaction." *Id.*  The Agreement is governed by Delaware law. Dkt. 18-2 at 92.

Somewhere along the line, the Agreement fell apart.  Ceska CZ claims that Vista breached the agreement and Ceska CZ is entitled to $992,424.07 in reimbursable expenses. Dkt. 1 ¶ 17.  On February 21, 2019, Vista notified Ceska CZ that "it would not consummate the purchase agreement" or reimburse Ceska CZ pursuant to the Agreement. *Id.* ¶ 21.

In October 2021, CZ-USA, one of Ceska CZ's subsidiaries, brought a lawsuit in the District of Kansas, alleging that Vista breached the Agreement as of February 21, 2019. *Id.* ¶ 23.  Shortly after, Ceska CZ attempted to amend CZ-USA's complaint, naming Ceska CZ as the plaintiff and removing CZ-USA. *Id.* ¶ 24.  Then in January 2022, Ceska CZ moved to transfer venue. *Id.* ¶ 30.  Vista opposed transfer and moved to dismiss Ceska CZ's lawsuit, alleging that the District of Kansas lacked subject-matter jurisdiction and personal jurisdiction, and that venue was improper. *Id.* ¶¶ 31, 32.  The District of Kansas denied the motion to transfer venue and granted the motion to dismiss for lack of subject-matter jurisdiction because CZ-USA lacked standing to sue as it was not a party to the Agreement, and Ceska CZ's attempt to amend the complaint was invalid under Rule 15. *Id.* ¶ 33; Dkt. 36-3 at 4.  Ceska CZ appealed the District of Kansas decision, and the Court of Appeals for the Tenth Circuit affirmed the district court's ruling.  Dkt. 36-1 at 11.

Ceska CZ brought this lawsuit on May 6, 2022, alleging Vista breached the Agreement as of February 21, 2019.  Dkt. 1 ¶¶ 20, 21.  Alternatively, Ceska CZ alleges that Vista was unjustly enriched, and that Vista breached the Agreement's implied contractual terms for the parties to act in good faith.  *Id.* ¶¶ 41-48.

Vista now moves to dismiss Ceska CZ's lawsuit, alleging that Ceska CZ's claims are barred by the statute of limitations and equitable tolling does not apply.  Dkt. 33.  The Court held a hearing on Vista's motion on March 13, 2024, and took the motion under advisement.  Dkt. 48.

## DISCUSSION

### I.    Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This standard does not require the inclusion of "detailed factual allegations" in a pleading, but the complaint must contain facts with enough specificity "to raise a right to relief above the speculative level."  *Id.* at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  In applying this standard, the Court must assume the facts in the complaint to be true and take all reasonable inferences from those facts in the light most favorable to the plaintiff.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986); *see Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019).  But the Court need not accept as true any wholly conclusory allegations

or legal conclusions that the plaintiff draws from the facts pled. *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

## II.    Delaware Law Applies

When a case is in federal court under diversity jurisdiction, the Court applies state tolling law and federal procedural law. *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011). Because the Agreement is governed by Delaware law, the Court applies Delaware law, which allows the statute of limitations to be equitably tolled in some circumstances. *Krahmer v. Christie's Inc.*, 903 A.2d 773, 778 (Del. Ch. 2006).

Although the Court must look to Delaware law, neither party has directed the Court to Delaware law addressing the nuances of the equitable tolling issue. Instead, the parties have relied upon cases from various federal courts in their briefing and have advised the Court that Delaware and federal court caselaw are largely the same on this issue. Having reviewed the cited caselaw and conducted independent research, the Court agrees that Delaware and federal court jurisprudence are in harmony. Therefore, the Court considers the federal court authority on this issue to be persuasive.

## III.    Amending the Complaint

Vista first argues that Ceska CZ's efforts to apply equitable tolling must fail because Ceska CZ did not include the facts relevant to the issue in the body of the complaint itself and instead offered them through supplemental documents and briefing. For two reasons, the Court declines Vista's invitation to dismiss this case on such procedural grounds, rather than reaching the merits of the tolling issue.

First, doing so would risk unnecessarily elevating form over substance.  The Court could solve this problem by denying the motion to dismiss without prejudice, allowing Ceska CZ to amend the Complaint, and then receiving a new Motion to Dismiss directed at the same allegations.  Admittedly, a party generally cannot amend its complaint through the briefs.  *Fischer v. Minneapolis Pub. Schs.*, 792 F.3d 985, 990 n.4 (8th Cir. 2015) (citing Fed. R. Civ. P. 15); D. Minn. LR. 15.1(a)–(b).  But putting the parties through such procedural hoops would serve little purpose here and would unnecessarily delay a resolution of this issue.  Instead of requiring amendment at this late stage to correct this flaw in accordance with the rules, the Court will consider the record as though Ceska CZ properly included the relevant facts in the Complaint.  *See* Fed. R. Civ. P. 1 (requiring the Rules of Civil Procedure to "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

Second, the relevant facts are not really in dispute here.  The record to which Ceska CZ refers largely comprises filings and opinions from the District Court of Kansas and the Court of Appeals for the Tenth Circuit.  Because these documents are court documents or matters of public record, the Court can consider them at the motion-to-dismiss stage and will do so here.  *See Hester v. Redwood Cnty.*, 885 F. Supp. 2d 934, 942 (D. Minn. 2012) ("Public records, such as some court documents, are part of the public record and may be considered under Rule 12(b)(6).") (citing *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007)).

## IV.    Equitably Tolling the Statute of Limitations

"When a complaint asserts a cause of action that on its face [was filed] outside the statute of limitations, the plaintiffs have the burden to plead facts leading to a reasonable inference that one of the tolling doctrines . . . applies." *Winklevoss Cap. Fund, LLC v. Shaw*, CA No. 2018-0398-JRS, 2019 WL 994534, at *6 (Del. Ch. Mar. 1, 2019) (internal quotation marks and citations omitted).  In certain inequitable circumstances, courts may apply the equitable tolling doctrine to "prevent a statute of limitations from running after a claim has accrued." *Owens v. Carman Ford, Inc.*, CA No. 12C-12-214 MJB, 2013 WL 5496821, at *2 (Del. Super. Ct. Sept. 20, 2013).  One inequitable circumstance recognized by courts is when a plaintiff timely files their lawsuit in an improper venue. *Burnett v. New York Cent. R.R. Co.*, 380 U.S. 425, 426 (1965); *see also McLeod v. McLeod*, CA No. N11C-03-111 MJB, 2012 Del. Super. LEXIS 528, at *15–16 (Del. Super. Ct. Feb. 6, 2012).

The parties do not dispute that under Delaware law, actions such as these are subject to a three-year statute of limitations, 10 Del. C. § 8106, nor do they dispute that the statute of limitations has expired on each of Ceska CZ's claims.  However, Ceska CZ argues that its untimely claims are saved by the doctrine of equitable tolling because its claims were filed prior to the limitations period, albeit in the wrong forum. By timely filing, Ceska CZ claims it acted diligently and provided Vista notice of the suit, therefore eliminating any argument that Vista suffered prejudice.

Vista argues that equitable tolling cannot save Ceska CZ's time-barred claims for two reasons: (1) Ceska CZ has no valid complaint to toll back to because it cannot rely on

a complaint to which it was not a party; and (2) Ceska CZ's lack of diligence forecloses equitable tolling.

Although the Court is sympathetic to Ceska CZ's position, after addressing each of Vista's arguments, the Court finds insufficient allegations to warrant equitable tolling.

### A. Different Plaintiffs

Vista contends that Ceska CZ cannot save its untimely claims through equitable tolling because Ceska CZ was not a party to the District of Kansas case, the case it attempts to toll back to. Ceska CZ counters that because the Tenth Circuit acknowledged Ceska CZ "filed the amended complaint" in the District of Kansas, as a matter of law, it filed the amended complaint.

Federal courts have uniformly rejected plaintiffs' attempts to equitably toll the statute of limitations by relying on another parties' complaint. *See Grant v. Starbucks Corp.*, No. 19-cv-05606 SJO, 2020 WL 418953, at *3–4 (C.D. Cal. Jan. 27, 2020) (rejecting the argument that "a plaintiff can equitably toll the statute of limitations by relying on a different plaintiff's complaint that raises similar allegations"); *Rosenberg v. DVI Receivables, XIV, LLC*, 400 F. Supp. 3d 236, 245 (E.D. Pa. 2019) (rejecting equitable tolling because "[t]he two cases lack[ed] the same plaintiffs"); *Hahn v. City of Carlsbad*, No. 15-cv-2007 DMS (BGS), 2016 WL 3211802, at *3 (S.D. Cal. Apr. 12, 2016) (acknowledging that "equitable tolling is premised on the *same* plaintiff filing two separate claims"); *Hoffman v. Blattner Energy, Inc.*, 315 F.R.D. 324, 335 (C.D. Cal. 2016) (holding that a plaintiff cannot equitably toll an action by "piggybacking" off of another party's previously filed lawsuit); *Sanchez v. Lasership, Inc.*, No. 1:12cv246 (GBL/TRJ), 2012 WL

3730636, at *14 (E.D. Va. Aug. 27, 2012) (requiring that "the party who brought the original action . . . be the same as the plaintiff in the subsequent action").

Ceska CZ does not dispute this consensus or cite a single case allowing a plaintiff to toll back to another party's complaint.[1]  Rather, Ceska CZ's only argument is that it *did* file the second complaint in the District of Kansas, and therefore it can tie itself to that complaint for equitable tolling purposes.  In making this argument, Ceska CZ relies entirely on footnote three of the Tenth Circuit's opinion that states: "[w]e conclude CZ Czech filed the amended complaint . . .."  *Ceska Zbrojovka Defence SE v. Vista Outdoor, Inc.*, 79 F.4th 1255, 1259 n.3 (10th Cir. 2023).[2]

Ceska CZ cannot convert its unsuccessful attempt to add itself to the Kansas case to a situation in which it was actually a party through a strained reading of footnote three. Although Ceska CZ appears to be technically correct in that it did "file" the second complaint, as in Ceska CZ put its name on the document and docketed it, this argument mischaracterizes the Tenth Circuit's opinion. In the opening paragraph of its analysis, the Tenth Circuit says:

> This appeal turns on *who* amended (or attempted to amend) the complaint. The record establishes that a non-party, CZ Czech, tried to amend the complaint of a party, CZ USA, and substitute itself in as plaintiff. But because only a party may amend under Rule 15, CZ Czech's amendment was invalid.

---

[1] Ceska CZ instead cites caselaw applying equitable tolling when a plaintiff filed their own lawsuit in an improper forum.  *See McLeod*, 2012 Del. Super. LEXIS 528; *Owens*, 2013 WL 5496821; *Burnett*, 380 U.S. 424.  However, these cases don't help Ceska CZ because, in each of these cases, the court acknowledged that the plaintiff filed in both the improper forum and the proper forum.
[2] The Tenth Circuit opinion refers to Ceska CZ as "CZ Czech."

*Id.* at 1259.  Additionally, the Tenth Circuit goes on to analyze multiple parts of Rule 15 and to conclude that the "right to amend is limited to parties."  *Id.* at 1260.

It is implausible for Ceska CZ to characterize the gravamen of the Tenth Circuit's decision as being more fully captured in an administrative observation in a footnote, than in the clear message of the opinion as a whole.  But such a misapprehension would have to control if the Court held that Ceska CZ satisfies equitable tolling because it physically filed the second complaint.  Indeed, such a conclusion would undermine the whole point of the Tenth Circuit's opinion: only a party may amend a complaint under Rule 15, and because Ceska CZ was not a party, its attempted amendment was invalid and "the operative complaint is the original."  *Id.* at 1261.  In sum, Ceska CZ has no complaint to toll back to because it never successfully filed a valid complaint, and footnote three does not change this reality.  Therefore, Ceska CZ cannot save its untimely claims through equitable tolling.

### B.  Due Diligence

Vista alternatively argues that Ceska CZ cannot save its untimely claims through equitable tolling because it did not exercise due diligence, even if it had been a party to the previous complaint.  Despite Ceska CZ's effort to rectify its mistakes, the Court agrees.

When evaluating whether equitable tolling applies, courts routinely consider whether the plaintiff acted diligently.  *See Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (declining to apply the doctrine of equitable tolling in a case brought under AEDPA because the petitioner did not diligently pursue his rights); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010); *Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 187 (6th Cir. 2008) (considering whether the petitioner diligently pursued their rights).

9

Here Ceska CZ did not act diligently within the meaning of this caselaw. To begin, this is a standard breach of contract dispute between two well-resourced corporate entities. Despite this, Ceska CZ/CZ-USA made several errors, including: "inadvertently" listing CZ-USA as the plaintiff and then trying to amend the complaint as a non-party, and filing its lawsuit in a forum without personal jurisdiction or venue.[3]

Not only were these errors preventable with research and due diligence, but the Tenth Circuit teaches us several ways CZ-USA and Ceska CZ could have remedied this problem before the statute of limitations had run. *Ceska*, 79 F.4th at 1261–62 (Tymkovich, J., concurring) ("CZ USA could have amended its complaint under Rule 15 to add CZ Czech as a plaintiff. CZ USA or CZ Czech could have invoked Rule 17, arguing that CZ Czech, as the real party in interest, should be substituted in as the party-plaintiff. Rules 19 through 21 raise the possibility of relief through joinder, and Rule 24 raises it through intervention. And, of course, CZ Czech could have sought to initiate its own case before the Kansas district court dismissed CZ USA's case."). Perhaps it can be argued that Ceska CZ was not required to attempt all or even most of the remedies listed by the Tenth Circuit, but at a minimum, Ceska CZ could and should have brought its lawsuit in the District of Minnesota, the correct forum, at any time before the statute of limitations expired. Filing here once it realized the Kansas forum was unworkable would have solved the problem.

---

[3] Ceska CZ's counsel has taken responsibility for the procedural errors he made. As noted at oral argument, the Court greatly appreciates counsel's candor.

## CONCLUSION

Ultimately, the Court declines to apply the extraordinary remedy of equitable tolling in this case for these reasons. And although Vista may not have been prejudiced, lack of prejudice does not by itself support application of equitable tolling when other criteria for its application are unmet. Therefore, the Court concludes that Ceska CZ's claims are time barred, and the Court need not consider any of the other arguments raised.

## ORDER

For the reasons explained above, **IT IS HEREBY ORDERED THAT:**

1. Vista's Motion to Dismiss [Dkt. 33] is **GRANTED**; and

2. The Complaint is **DISMISSED WITH PREJUDICE**.

**Let Judgment Be Entered Accordingly.**

Date: July 11, 2024                           *s/Katherine Menendez*
                                              Katherine Menendez
                                              United States District Judge

11